UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-61832-CIV-DIMITROULEAS / TORRES

SHANNON M. CAIRNS,

    Plaintiff,

vs.

FACTORY AUTHORIZED MEDICAL
SCOPE REPAIR, MEDICAL DEVICE
SOLUTIONS, and JEFF TRANK,

    Defendants.
_____/



## **ANSWER**

### COUNT I

DEFENDANTS Factory Authorized Medical Scope Repair, Medical Device Solutions, and Jeff Trank respond to the Complaint in this matter as follows:

1. Admit.

2. Deny.

3. Admit.

4. Deny.

5. Defendants have no knowledge.

6. Admit.

7. Deny.

8. Deny.

9. Deny.

10. Defendants state that this is an inappropriate form of pleading.

11. Deny.



12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Defendants have no knowledge as to this allegation.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

As to Count I, Defendants Factory Authorized Medical Scope Repair and Medical Device Solutions says as follows:

26. This is inappropriate form of pleading.

27. Defendants deny the factual assumption for this paragraph.

28. The Defendants deny the factual underpinnings of this paragraph.

29. Deny.

30. Defendants have no knowledge as to this claim.

31. Defendants have no knowledge as to the allegation herein.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

## COUNT II

Defendants Factory Authorized Medical Scope Repair and Medical Device Solutions respond as follows to the complaint:

37. Defendants say this is an inappropriate matter of pleading.

38. Defendants deny the factual underpinning of the statement.

39. Deny. Defendants further state that if such a letter occurred, it was in relation to the attempted resolution of this matter and is inappropriately pleaded.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Defendants have no knowledge as to the allegation herein. Defendants specifically deny that there was any intentional discrimination against Cairns.

## COUNT III

Defendant Jeff Trank answers Count III as follows:

45. Deny.

46. Deny.

47. Deny.

48. Deny.

In response to the unnumbered ad dannum clauses which follow each Count in the complaint, each Defendant denies that the Plaintiff is entitled to judgment in her favor, and denies that Plaintiff is entitled to any of the relief sought, and denies that any of the Defendants is in any way liable to the Plaintiff.

WHEREFORE, Defendants pray that judgment be entered in their favor against Plaintiff on each and every claim set forth in the complaint and that this cause be dismissed with prejudice. Defendants request that the court award Defendants their costs and reasonable attorneys' fees incurred in the defense hereof and for such other and further relief as this court may deem equitable and just.

## AS TO GENERAL ALLEGATIONS AND ALL COUNTS

### FIRST DEFENSE

Each claim asserted in the Second Amended Complaint is barred since in each case Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff's substantive counts are incorrectly pled because succeeding counts incorporate by reference paragraphs contained in preceding, substantive counts.

### THIRD DEFENSE

DEFENDANTS assert that Plaintiff failed to mitigate her damages.

### FOURTH DEFENSE

DEFENDANTS assert that Plaintiff's interim earnings or amounts she could have earned with reasonable diligence should reduce any back pay otherwise recoverable by

Plaintiff. 42 U.S.C. § 2000e-5(g)(1). In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

### FIFTH DEFENSE

DEFENDANTS assert that all employment-related decisions made with respect to Plaintiff, or that affected Plaintiff, were made for legitimate, non-discriminatory reasons.

### SIXTH DEFENSE

Plaintiff cannot show that any adverse employment decision(s) was/were motivated by the protected activity such that there was a causal connection between the two.

### SEVENTH DEFENSE

Plaintiff cannot show any direct evidence of discriminatory animus.

### EIGHTH DEFENSE

Plaintiff cannot show any evidence of disparate treatment.

### NINTH DEFENSE

DEFENDANTS assert that all Title VII claims alleged to have arisen more than three-hundred (300) days prior to Plaintiff's filing a charge of discrimination with the Equal Employment Opportunity Commission are time barred by the applicable statute of limitations. 42 U.S.C § 2000e-5(e)(1).

### TENTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

### ELEVENTH DEFENSE

DEFENDANTS assert that Plaintiff's claim for damages under Title VII are subject to the limitations set forth in 42 U.S.C. § 1981a(b)(3).

## TWELFTH DEFENSE

DEFENDANTS assert that Plaintiff failed to give notice to Defendant of any alleged sexual discrimination and/or harassment.

## THIRTEENTH DEFENSE

After-acquired evidence proves that DEFENDANTS would have had cause to terminate Plaintiff's employment in any event.

## FOURTEENTH DEFENSE

At all relevant times, DEFENDANTS took timely and appropriate action in response to any complaints of Plaintiff.

## FIFTEENTH DEFENSE

Any allegations contained in Plaintiff's Complaint under Title VII that were not the subject of Plaintiff's charge of discrimination must be dismissed for Plaintiff's failure to exhaust her administrative remedies.

## SIXTEENTH DEFENSE

Plaintiff's Title VII claim(s) is subject to the 90-day statute of limitations contained in 42 U.S.C § 2000e-5(g), to a date two years prior to the filing of Plaintiff's charge with the EEOC.

## SEVENTEENTH DEFENSE

DEFENDANTS assert that Plaintiff's entitlement to back pay, if any, under Title VII is limited by 42 U.S.C. § 2000E-5 (g), to a date two years prior to the filing of Plaintiff's charge with the EEOC.

### EIGHTEENTH DEFENSE

The claims asserted are barred because Plaintiff has not been deprived of any federally protected right.

### NINETEENTH DEFENSE

The claims asserted are barred because Plaintiff failed to exhaust any administrative remedies provided by DEFENDANTS' policies and/or rules.

### TWENTIETH DEFENSE

The claims asserted are barred to the extent that DEFENDANTS have an anti-discriminatory policy which it vigorously enforces.

### TWENTY-FIRST DEFENSE

Plaintiff is not entitled to any compensatory damages because DEFENDANTS did not intentionally retaliate.

### TWENTY-SECOND DEFENSE

The claims asserted are barred in that all of DEFENDANTS' actions were taken in good faith.

### TWENTY-THIRD DEFENSE

Plaintiff has not stated a claim for gender discrimination because she has not alleged that DEFENDANTS purposefully discriminated against her.

### TWENTY-FOURTH DEFENSE

Plaintiff has not stated a claim for gender discrimination because she has not alleged any actions on the part of DEFENDANTS that constitute more than isolated incidents.

## TWENTY-FIFTH DEFENSE

Plaintiff has not stated a claim for sexual harassment because she has alleged nothing more than isolated remarks or an incident of harassment which did not occur in concert or with regularity in order to be deemed pervasive.

## TWENTY-SIXTH DEFENSE

Corporate Defendants cannot be held liable under any agency principles for its workers' conduct because there is no allegation in the Complaint which supports a finding either that its employees were acting within the scope of their authority in discriminating against or harassing Plaintiff (if in fact the allegations can be deemed unlawful discrimination and/or harassment) or that they were aided in accomplishing the discrimination and/or harassment by the existence of their agency relationships with corporate defendants..

## TWENTY-SEVENTH DEFENSE

Plaintiff has not properly alleged a claim for unlawful termination in her Complaint, nor in her charge of discrimination.

## RESERVATION OF AFFIRMATIVE DEFENSE

Defendants reserves the right to allege any further affirmative defense as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, requests that this action be dismissed with prejudice, in its entirety, and that defendants be awarded costs, including reasonable attorneys' fees. 42 U.S.C. §§ 1988(b) & (c) and 42 U.S.C. §2000e-5(k).

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to:   James B. Lieber
Thomas M. Huber
Attorneys for Plaintiff
5528 Walnut St.
2nd Floor
Pittsburgh, PA 15232-2312

And, by fax to (412) 687-3140

this _____ day of February, 2004.


GEORGE A. LANE, P.A.
Attorney for Defendants
2929 E. Commercial Blvd.,
Suite 205
Ft. Lauderdale, FL 33308
(954) 776-8284
(954) 771-9393 Fax


By: _____
GEORGE A. LANE
FL Bar No. 7242