UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61832-CIV-DIMITROULEAS/TORRES

SHANNON M. CAIRNS,

    Plaintiff,

v.

FACTORY AUTHORIZED MEDICAL
SCOPE REPAIR, et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND REPORT AND RECOMMENDATION TO ENTER JUDGMENT

This Matter is before the Court on Plaintiff Shannon M. Cairns's Motion for Entry of a Default Judgment [D.E. 20] pursuant to an Order of Reference by the District Judge. [D.E. 21]. Upon review of the Motion, the court file, noting that counsel for Factory Authorized Medical Scope Repair ("FAMSR") had withdrawn from this matter, this Court entered an Order to Show Cause [D.E. 24] directing FAMSR to show cause in writing by no later than May 23, 2005 why Plaintiff's Motion for Entry of Default Judgment should not be granted for the reasons set forth in the Motion. Subsequent to the issuance of the Order to Show Cause, it came to the Court's attention that FAMSR may have a new registered agent address different from the one identified in Plaintiff's Motion or the Court's earlier Order to Show Cause. Accordingly, the Court entered an Amended Order to Show Cause [D.E. 25] that was identical in terms to the original show cause order except that it provided FAMSR until June 6, 2005 to respond to the order and it was served on FAMSR at its new registered agent address in



Marietta, Georgia.  FAMSR never responded to this Court's Orders or the underlying Motion for Default Judgment.

The Court notes that counsel for Plaintiff also served FAMSR with Plaintiff's Motion for Entry of Default Judgment at least twice at different locations.  Plaintiff also served FAMSR's previous counsel with the pending motion.  Likewise, the Court has twice sent an Order to Show Cause to FAMSR with no response.  In both of its Orders to Show Cause, the Court warned that FAMSR's failure to comply with the Orders would constitute grounds for the Court to grant Plaintiff's Motion by default.

Accordingly, Plaintiff's Motion for Entry of a Default Judgment [D.E. 20] is hereby **GRANTED** by default.

Further, the undersigned **RECOMMENDS** that the District Judge enter a judgment in favor of Plaintiff in the amount of $55,000, together with post-judgment interest.  Pursuant to Local Magistrate Rule 4(b), the parties, have five (5) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.[1]  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en

---

[1] Pursuant to Magistrate Rule 4(b), and the delays in this case caused by Defendant's failures to respond, there is good cause to shorten the time frame for any objections.

banc); 28 U.S.C. § 636(b)(1).

**DONE and ORDERED** at Fort Lauderdale, Florida this 13 day of June, 2005.

_____
EDWIN G. TORRES
United States Magistrate Judge

cc:    Honorable William P. Dimitrouleas

       James B. Lieber, Esq.

       Factory Authorized Medical Scope Repair
       1804 Newstead Trace
       Marietta, Georgia 30062